IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:24-cv-718

| | |
|---|---|
| GRANT HEILMAN PHOTOGRAPHY, INC., a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>TOP TURF, INC. d/b/a "Top Turf Lawn Care and Pest Management," a Georgia corporation, TOP TURF OF CHARLOTTE, INC., a Georgia corporation, and John Does No. 1 through 5, individuals,<br><br>Defendants. | **COMPLAINT**<br><br>[JURY TRIAL DEMANDED] |

Plaintiff Grant Heilman Photography, Inc. ("Heilman"), by and through undersigned counsel, brings this Complaint and Jury Demand against defendant TOP TURF, INC. ("Top Turf Georgia"), defendant TOP TURF OF CHARLOTTE, INC. ("Top Turf Charlotte"), and defendants John Does No. 1 through 5 (collectively, the "Doe Defendants"), for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff Heilman brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Heilman's original copyrighted works of authorship.

2. Heilman is a premier collection of agricultural stock photography. More than 100 photographers contribute images of wildlife, horticulture, energy, and scientific images to Heilman's archives. Heilman is a Pennsylvania corporation.

3. Upon information and belief, Defendant Top Turf Georgia is a Georgia corporation maintaining its principal office in Lawrenceville, Georgia. A true and correct copy of Top Turf Georgia's entity information from the online database of the Georgia Secretary of State, dated April 12, 2024, is attached hereto as **Exhibit 1**. On information and belief, Top Turf Georgia is doing business under the assumed name "Top Turf Lawn Care and Pest Management."

4. Upon information and belief, Top Turf Georgia and/or Top Turf Charlotte (collectively, "Top Turf") is doing business in several locations across Georgia (in Lawrenceville, Covington, Marietta, Fayetteville and Gainesville), South Carolina, Tennessee and Texas.

5. Upon information and belief, Top Turf Charlotte is doing business in Charlotte, North Carolina, through a separate corporation, Top Turf of Charlotte, Inc. A true and correct copy of Top Turf of Charlotte, Inc.'s entity information from the online database of the Georgia Secretary of State, dated April 12, 2024, is attached hereto as **Exhibit 2**.

6. A copy of a page from the topturf.net website, attached hereto as **Exhibit 3**, shows a list of Top Turf's locations. A copy of a page from the topturf.net website, attached hereto as **Exhibit 4**, shows a copyright notice in the content of the website naming Top Turf as copyright holder.

7. Heilman alleges that Top Turf copied a photograph in which Heilman holds copyright, and distributed and/or publicly displayed that photograph in order to advertise, market, and promote Top Turf's business activities.

## JURISDICTION AND VENUE

8. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501, et seq.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 USC §§ 1331 and 1338(a).

10. Top Turf is subject to personal jurisdiction in North Carolina, and venue in this district is proper under 28 U.S.C. § 1400(a), because Top Turf is located, regularly found, and conducts business in this district.

## THE WORK AT ISSUE

11. Heilman owns the copyright to the photograph which is shown below and referred to herein as the "Registered Work."



12. Heilman registered the Registered Work with the Register of Copyrights on August 22, 2008 and was assigned the registration number VA 1-643-931. A true

and correct copy of the Certificate of Registration is attached hereto as **Exhibit 5**. At all relevant times Heilman was the owner of the Registered Work.

## TOP TURF'S INFRINGEMENT

13. On a date after the Registered Work was registered with the Register of Copyrights, but prior to the filing of this action, Top Turf copied the Registered Work.

14. After Top Turf copied the Registered Work, it distributed and/or publicly displayed the Registered Work on the internet to promote the sale of Top Turf's goods and services. Attached hereto as **Exhibit 6** is a true and correct copy of the Registered Work displayed on Top Turf's website.

15. Heilman has never given Top Turf permission or authority to copy, distribute, or publicly display the Registered Work.

16. Heilman notified Top Turf of the allegations set forth herein by email and U.S. Mail in September 2023, and again in October 2023.

17. Top Turf has never responded substantively to those notices.

18. In or about the week of September 25, 2023, Top Turf telephoned Heilman and its counsel.

19. Though the caller did not disclose that he was an agent of Top Turf, both Heilman's and its counsel's telephones registered the caller as Top Turf.

20. The caller called Heilman to inquire as to Heilman's licensing terms.

21. The caller called Heilman's counsel to determine whether Heilman's counsel intended to serve process as it pertains to this action.

22. The Registered Work remains on Top Turf's website. A screenshot of Top Turf's website showing the image as of August 5, 2024 is attached hereto as **Exhibit 7**.

23. Heilman has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT 1
## DIRECT COPYRIGHT INFRINGEMENT - DAMAGES

24. Heilman incorporates the allegations of paragraphs 1-23 of this Complaint as if fully set forth herein.

25. Heilman holds a valid copyright in the Registered Work.

26. Heilman registered the Registered Work with the Register of Copyrights pursuant to U.S.C. § 411(a).

27. Top Turf subsequently copied, displayed, and/or distributed the Registered Work at issue without Heilman's authorization in violation of 17 U.S.C. § 106.

28. Top Turf performed the acts alleged in the course and scope of its business activities.

29. Despite repeated notice to Top Turf of its infringement of the Registered Work, Top Turf persisted, and still persists, in publicly displaying the Registered Work on the topturf.net website.

30. Accordingly, Top Turf's continued public display of the Registered Work constitutes willful infringement pursuant to 17 U.S.C. § 504(c)(2), and Heilman is entitled to the greater of actual damages or statutory damages in an to be determined

at trial of between $750 and $150,000, plus its costs and attorneys' fees pursuant to 17 U.S.C. §505.

## COUNT 2
## VICARIOUS AND/OR CONTRIBUTORY
## COPYRIGHT INFRINGEMENT - DAMAGES

31. Heilman incorporates the allegations of paragraphs 1-30 of this Complaint as if fully set forth herein.

32. On information and belief, certain officers, proprietors and/or agents of Top Turf (the Doe Defendants), and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction, distribution and/or public display of the Registered Work.

33. On information and belief, the Doe Defendants had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

34. By reason of the Doe Defendants' acts, Plaintiff is entitled to damages in an amount to be determined at trial.

35. Moreover, even after repeated notice of infringement, Top Turf still persists in publicly displaying the Registered Work on the topturf.net website. As the Doe Defendants have the right and ability to supervise Top Turf's infringing conduct, have a direct financial interest in that infringing conduct, have been notified of that infringing conduct, and still permit, if not encourage, Top Turf to persist in its infringing conduct, such conduct is willful, and the Doe Defendants are liable for the greater of actual damages or statutory damages in an to be determined at trial of

between $750 and $150,000, plus its costs and attorneys' fees pursuant to 17 U.S.C. §505.

## COUNT 3
## COPYRIGHT INFRINGEMENT - PERMANENT INJUNCTION

36. Heilman incorporates the allegations of paragraphs 1-35 of this Complaint as if fully set forth herein.

37. Heilman holds a valid copyright in the Registered Work.

38. Heilman registered the Registered Work with the Register of Copyrights pursuant to U.S.C. § 411(a).

39. Top Turf and/or the Doe Defendants subsequently copied, displayed, and/or distributed the Registered Work at issue without Heilman's authorization in violation of 17 U.S.C. § 106.

40. Top Turf performed the acts alleged in the course and scope of its business activities.

41. Despite repeated notice to Top Turf of its infringement of the Registered Work, Top Turf persisted, and still persists, in publicly displaying the Registered Work on its website.

42. As a direct and proximate result of Top Turf's infringement, Heilman has been and continues to be damaged and the harm caused to Heilman is continuing and therefore not wholly compensable by monetary damages.

43. Accordingly, pursuant to 17 U.S.C. §502, Heilman is entitled to permanent injunctive relief barring defendants from further reproduction, distribution and public display of the Registered Work.

WHEREFORE, Heilman prays for judgment against the defendants that:

a. Top Turf, the Doe Defendants, and Top Turf's officers, agents, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 106;

b. Top Turf and/or the Doe Defendants be required to pay Heilman its actual damages and Top Turf's profits attributable to the infringement, or, at Heilman's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Heilman be awarded its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505; and

d. Heilman be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Heilman hereby demands a trial by jury of all issues so triable.

This 5TH day of August, 2024.

Respectfully,

**VILLMER CAUDILL**
BUSINESS & LITIGATION ATTORNEYS

By: /s/ Sophia Pappalardo

Sophia Pappalardo
N.C. Bar No. 56743
sophiapappalardo@villmercaudill.com
VILLMER CAUDILL, PLLC
P.O. Box 18186
Charlotte, NC 28218

Tel: 704-216-8120
Fax: 704-705-8191
*Attorney for Plaintiff Grant Heilman Photography, Inc.*